In the Matter of the Claim of Elizabeth Herman, Respondent, against Robert E. Lee et al., Appellants, and Fund for Reopened Cases, Respondent.

Workmen's Compensation Board, Respondent.

Third Department, September 26, 1952.

*Charles P. Barre* for appellants.

*Nathaniel L. Goldstein, Attorney-General (John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

*Elizabeth Herman,* claimant-respondent in person.

BERGAN, J.  Decedent was a carpenter's helper earning $19.20 per week and was killed in 1940 in the course of his employment. He was then nineteen years old, living at home, and gave his mother $12 or $13 a week.  A dependency award was made to his mother in 1941 of $3.08 a week.  No appeal was taken.

In 1950 the carrier applied to review the continuance of the mother's dependency and showed that while she was not employed in 1940 she began to work in 1943 and continued to work through the time of the hearing.

The father worked as a carpenter both in 1940 and in 1950 and had increased his earnings in that period.  There were some minor children in the family at both times.  The board found that the total family income at the time of accident in 1940 was about $60 a week and in 1951 about $79 a week.  It found a continuance of the mother's dependency.

We think on the record this was a question of fact.  The increase in living costs as found by the board could reasonably be evaluated as leaving the family's economic condition unimproved by the dollar increase in earnings.  If that could be found it could also be determined that the mother's dependency continued even though she had begun to work to maintain the economic stability of the family.

It is not unreasonable to find factually that the cost of living absorbed the increase in total earnings of the family and that all that had been achieved by the mother's earnings and her husband's increased earnings was a relative stability.

The board also modified the amount of the award to the mother to $8.66 on the basis of the expectancy of increased wages of the deceased.  This it had the authority to do under

subdivision 5 of section 14 of the Workmen's Compensation Law on this record and because the status of the claim was such that the board's jurisdiction to modify its prior award continued.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BREWSTER and COON, JJ., concur; HEFFERNAN, J., taking no part.

Decision and award affirmed, with costs to the Workmen's Compensation Board.